**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 28 2013, 5:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MITCHELE J. HARLAN**
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE GUARDIANSHIP OF K.S., | ) | |
| | ) | |
| S.E., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1210-GU-473 |
| | ) | |
| K.B., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Jerry Jacobi, Judge
The Honorable William A. Dawkins, Magistrate
Cause No. 10C02-0601-GU-4

**August 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

In 2012, a trial court terminated S.E.'s guardianship of her niece, K.S. Early the following year, the court also denied S.E.'s request for visitation with K.S. S.E. now appeals, arguing that the trial court erred as to both orders. Because S.E. fails to show that the trial court erred in terminating the guardianship and in light of the fact that S.E., as K.S.'s aunt, lacks standing to seek visitation with K.S., we affirm both orders.

**Facts and Procedural History**

K.B. ("Mother") is the mother of K.S., who was born in 2004. Mother has a history of alcoholism and instability, and in 2006, her sister, S.E., was granted guardianship of K.S.[1] Mother later moved to Florida.

At some point in 2010, S.E. and Mother agreed that K.S. would go to live with Mother in Florida. Two years passed, and neither party sought court intervention during this time. In 2012, Mother filed a motion in Clark Circuit Court to terminate the guardianship. S.E. filed a motion seeking permission to bring K.S. back to Indiana to live with her.

At a hearing on the motions, the parties testified about what had occurred since K.S.'s return to Mother's care. S.E. expressed concern about Mother's volatile relationship with her husband, which caused Mother to move to Pennsylvania for four months, and two instances in which Mother consumed alcohol, despite her claims that she was sober. *See* Tr. p. 68, 77-79, 90-91, 100-02. S.E. worried that Mother's actions were negatively affecting K.S., particularly with respect to her education. *Id.* at 103, 108.

---

[1] S.E. is also the guardian of one of Mother's other children, A.S. A.S. is not at issue in this appeal.

She also worried that K.S. was not taking her prescribed medication for her learning disability. *Id.* at 104-06. Mother admitted that she consumed beer twice, but she said that she was active in a church-based support group for her alcoholism. *Id.* at 14-15. She also acknowledged her marital issues, but she said that she had reconciled with her husband and returned to Florida. *Id.* at 16. Mother told the court that K.S. had been enrolled in school in Pennsylvania and was now enrolled in school in Florida, and she was taking her ADHD medication. *Id.* at 8-10.

In April 2012, the trial court granted Mother's motion to terminate the guardianship. Early the following year, S.E. sought visitation with K.S. The trial court denied her motion for visitation. S.E. now appeals the guardianship-termination order and the denial of her request for visitation with her niece.

### Discussion and Decision

On appeal, S.E. argues that the trial court erred in terminating the guardianship and in denying her request for visitation with K.S.

### I. Guardianship

Indiana Code section 29-3-12-1(c) provides the standard for terminating a guardianship. Under this section, a guardianship may be terminated whenever it is no longer necessary. Ind. Code § 29-3-12-1(c)(4). Indiana courts, however "have generally applied a more detailed test than required by the plain language of the [guardianship] statute." *Roydes v. Cappy*, 762 N.E.2d 1268, 1274 (Ind. Ct. App. 2002). That standard is similar to the one used in child-custody modifications, which considers parental rights and the best interests of the child. *Id.*

A parent wishing to terminate a guardianship has the burden of showing that termination is in the child's best interests and that there is a substantial change in one or more of the child-custody factors. *See In re K.I.*, 903 N.E.2d 453, 460 (Ind. 2009) (citing Indiana Code § 31-14-13-6). There is a "strong presumption that a child's interests are best served by placement with the natural parent." *In re Guardianship of B.H.*, 770 N.E.2d 283, 287 (Ind. 2002). Thus, while the burden on the natural parent certainly exists, "these are modest requirements where the party seeking to modify custody is the natural parent of a child who is in the custody of a third party." *J.H.*, 903 N.E.2d at 460.

Once a natural parent overcomes her burden, the burden shifts to the third party to show that the "best interests [of the child] are substantially and significantly served by placement with" the third party. *B.H.*, 770 N.E.2d at 287. The third party must show by clear and convincing evidence that the parent is unfit, that the parent has acquiesced to the third party's custody for a long period of time, or "voluntary relinquishment such that the affections of the child and third party have become so interwoven that to sever them would seriously mar and endanger the future happiness of the child." *Id.* at 286 (citation omitted). If the third party fails to do so, custody will be granted to the natural parent. *J.H.*, 903 N.E.2d at 461.

We review custody modifications for abuse of discretion with a "preference for granting latitude and deference to our trial judges in family law matters." *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (citation omitted). In determining whether the trial court abused its discretion, we review the court's findings and conclusions, and we

may not set aside the findings or judgment unless they are clearly erroneous. *In re Guardianship of J.K.*, 862 N.E.2d 686, 690-91 (Ind. Ct. App. 2007). We consider first whether the evidence supports the factual findings and then, second, whether the findings support the judgment. *Id.* Findings are clearly erroneous when the record is devoid of facts to support them directly or inferentially. *Id.* We do not reweigh the evidence nor do we reassess the credibility of witnesses, but rather, we consider the evidence most favorable to the judgment and all reasonable inferences drawn in favor of the judgment. *Id.*

S.E. argues that the trial court erred in terminating the guardianship, and her argument is two-fold. First, she argues that K.S. returned to Mother's care in Florida on a trial basis, subject to a number of conditions regarding Mother's sobriety and stability. S.E. claims that because Mother failed to abide by these conditions, the guardianship should not have been terminated and K.S. should have returned to live with S.E. While the parties may indeed have agreed to certain conditions regarding Mother's care of K.S., these were informal, party-devised terms—they were not court-imposed conditions. For this reason, we cannot agree that Mother's alleged failure to abide by such conditions mandated K.S.'s return to S.E. or that the guardianship remain in place.

S.E. also argues that the trial court erred in determining that the guardianship should be terminated; specifically, she claims the court erred in finding that she did not prove Mother's unfitness.[2] S.E. argues that Mother is an unfit parent because she makes bad decisions, had a rocky relationship with her husband, which caused her to move

---

[2] S.E. does not argue that Mother failed to meet her burden under the guardianship statute.

temporarily to Pennsylvania, and compromised her sobriety twice by drinking alcohol. S.E. argues that the move to Pennsylvania caused K.S. to miss school for a period of time. S.E. also claims that Mother has taken K.S. off her medication and has not enrolled her in extracurricular activities. Finally, S.E. notes that Mother refuses to let S.E. communicate with K.S. But this is nothing more than a recitation of the evidence presented at the hearing on Mother's motion to terminate the guardianship. The trial court considered this evidence before concluding that the guardianship should, in fact, be terminated. We reject S.E.'s request to reweigh the evidence on appeal.

## II. Visitation

S.E. also argues that the trial court erred in denying her request for visitation with K.S. Indiana allows parents, grandparents, and stepparents to seek visitation with a child, under certain enumerated circumstances. *See Kitchen v. Kitchen*, 953 N.E.2d 646 (Ind. Ct. App. 2011) (citing Ind. Code §§ 31-17-4-1, 5-1). In *Kitchen*, this Court declined to add aunts and uncles to the class of persons permitted to seek visitation with a relative child. *Id.* at 650 ("The trial court erred in concluding that it had the authority to grant third-party visitation to persons other than parents, step-parents, or grandparents."). We acknowledge S.E.'s desire to spend time with her niece, but this Court has concluded that as K.S.'s aunt, she has no standing to seek third-party visitation.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.